IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DARRELL GIVENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 06-00475-CV-W-NKL-P |
| ) | Crim. No. 04-00142-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

ORDER

Pending before the Court is Petitioner Darrell Givens' ("Givens") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 3]. For the reasons set forth below, the Motion will be denied.

**I.     Background**

On April 22, 2004, Givens was charged in a five-count indictment. Count I charged Givens with conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 21 U.S.C. § 846. Counts II through V each charged Givens with distribution of five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). In the presence of defense counsel Kurt D. Marquart, Givens pleaded guilty to Counts II through V on October 19, 2004, before United State District Court Judge Scott O. Wright. During the October 19, 2004 hearing

1

Judge Wright asked Givens if he wished to plead guilty to Counts II through V and explained that Counts II through V charged Givens with distribution of over five grams of crack cocaine on four separate occasions. Givens answered in the affirmative. Judge Wright informed Givens of the range of sentences carried by each charge, as well as the rights that he would be waiving by pleading guilty. Judge Wright specifically notified Givens that he faced a mandatory minimum sentence of 170 months because of his prior conviction. Givens, at his plea, testified that he had read the plea agreement and that he was pleading guilty because he was, in fact, guilty. In addition, Givens testified that Mr. Marquart had done everything he had asked him to do and that Mr. Marquart had not failed or refused to do anything that Givens had requested. He admitted that he was satisfied with Mr. Marquart's representation. All of this testimony was given under oath. Judge Wright found that Givens' plea was voluntarily given and accepted his plea agreement.

On February 3, 2005, this Court, following the recommendation in the January 13, 2005 presentence report, sentenced Givens to 121 months' imprisonment on Counts II through V, the terms to run concurrently, followed by eight years of supervised release. The Court also ordered Givens to pay to the United States a special assessment of $400 and recommended Givens be placed in the 500-hour residential drug treatment program.

## II. Discussion

In his Section 2255 motion, Givens claims that he received ineffective assistance of counsel because Mr. Marquart refused to object or file motions pertaining to

2

jurisdiction, "sentence entrapment and sentence manipulation," or sentence enhancement under 21 U.S.C. §§ 841 and 851. [Def's Mot. at 9.[1]] Givens also claims that Mr. Marquart conspired with prosecutors to forge documents to the Eighth Circuit Court of Appeals and the Bureau of Prisons and that such forgery caused the Eighth Circuit to deny his appeal. [Def's Mot. at 10.]

Givens claims that the Court "allow[ed] the Government to illegally use the [21 U.S.C. § 851] enhancement without filing to the court and serving a copy to the movant or the attorney." [Def's Mot. at 9-10.] In addition, Givens claims that the Kansas City, Missouri, police illegally surrendered him to the federal government. [Def's Mot. at 11.] Finally, Givens claims that Judge Wright promised, but never delivered to Givens, an evidentiary hearing.

### A. Forged Documents

Givens contends that Mr. Marquart conspired with prosecutors to forge his signature on the plea agreement. He further argues that someone altered the transcript of the October 19, 2004 hearing to prevent the transcript from betraying the conspiracy. Other than the vague representations contained in his motion, Givens has produced no evidence that either of these assertions is true. Mr. Marquart, however, has submitted an affidavit stating that it is his recollection that Givens signed the plea agreement wherein he agreed to plead guilty to Counts II through V. Furthermore, the transcript of the October 19, 2004 hearing has been signed and certified as correct by the transcriber. The

---

[1] Defendant's Motion [Doc. # 3] contains pages which are not enumerated. Def's Mot. at 9 represents the ninth page of Doc. # 3.

Court finds no evidence that Givens' signature was forged on the plea agreement or that the transcript of the October 19, 2004 hearing is inaccurate.

**B.     Waiver**

Pursuant to the plea agreement, Givens pleaded guilty to Counts II through V and, among other things, agreed "that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum established for the offense and expressly waive[d] the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines." [Plea Agreement ¶ 9.]  In exchange for Givens' waiver and guilty plea to Counts II through V, the Government agreed to dismiss Count I, which it did at the February 3, 2005 sentencing.

It is well settled that a plea agreement is valid only if the defendant knowingly and voluntarily agreed to it.  *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003).  Even if knowing and voluntary, a waiver of appeal and post conviction relief is not enforceable if a sentence is illegal, would constitute a miscarriage of justice, or resulted from ineffective assistance of counsel.  *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000).

Givens does not contend that his counsel was ineffective in negotiating the waiver provision.  Instead, Givens claims that he never entered into a plea agreement at all.  In the previous section, the Court found no evidence that Givens' signature on the plea agreement was forged or that the transcript of the October 19, 2004 plea hearing was

4

altered.  At the October 19, 2004 hearing, Givens was extensively questioned by Judge Wright.  Givens repeatedly affirmed that he wished to plead guilty, that he read the plea agreement and that he was, in fact, guilty.  Judge Wright found that Givens' plea was voluntarily given.

The sentence imposed by the Court is not illegal and the record indicates that Givens said at his October 19, 2004 hearing that he was satisfied with his trial counsel.  Therefore, Givens' waiver in his plea agreement is enforceable and precludes Givens' Section 2255 claims.

### III.  Conclusion

Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 3] is DENIED.

IT IS SO ORDERED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  December 20, 2006
Jefferson City, Missouri