# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DARYL GIVENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 06-00475-CV-W-NKL-P |
| ) | Crim No. 04-00142-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

## ORDER

Before the Court is Petitioner Daryl Givens's Motion for Reconsideration [Doc. # 121]. For the following reasons, the Court denies the motion.

In at least three motions in this case, Petitioner has complained of improper attorney conduct relating to his plea agreement (in addition to other alleged improprieties). Specifically, he alleges that the government and his attorney conspired to file a false plea agreement and sign Petitioner's name to it. On November 3, 2006, the Court denied Petitioner's "Motion Charging Government and Defense Counsel with Violation of Federal Rule of Civil Procedure, Rule 11 and 7." [Doc. # 17.] On December 20, 2006, the Court denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [Doc. # 19.] On March 14, 2007, the Court denied Petitioner's Motion for Reconsideration or Application for Certificate of Appealability. [Doc. # 22.] The Eighth Circuit also denied Petitioner's request for a certificate of appealability.

Petitioner has now filed a motion for reconsideration with the Court, in the form of a letter, asking for reconsideration of the Court's rulings on the motions mentioned above. Attached to the motion for reconsideration is a letter to Petitioner from an Assistant Federal Public Defender. In her letter, the Assistant Federal Public Defender explains Petitioner's sentence to him. She does state that a clerical error by the United States Attorney's Office caused an early version of the plea agreement to be filed, but otherwise indicates that his sentence was appropriate under the guidelines. She also explains to Petitioner that he was given notice of the terms of his correct plea agreement throughout his sentencing hearing and chose to continue with his plea.

Petitioner also attaches to his motion for reconsideration two affidavits from his criminal trial attorney. Both affidavits indicate that Petitioner did not enter into a plea agreement in which he pleaded guilty to Count One of the Indictment. Both affidavits indicate that Petitioner did enter into a plea agreement in which he pleaded guilty to Counts Two through Five of the Indictment.

It does appear there is a clerical error in the Court's docket. The plea agreement document in the ECF docket [Doc. # 52], which was filed by the United States Attorney's Office states that Petitioner was pleading guilty to Count One and that document bears a typewritten signature. However, the Court's ECF docket also reflects Petitioner pleading guilty and being sentenced on Counts Two through Five. [*See* Docs. # 61, 62, 63 (reflecting plea, argument, and sentencing on Counts Two through Five).] The Court did not adopt the erroneous plea agreement at sentencing. Even the letter from the Assistant Federal Public

2

Case 4:04-cr-00142-GAF   Document 122   Filed 01/26/09   Page 2 of 3

Defender – attached to Petitioner's own motion – indicates that Petitioner was properly sentenced on Counts Two through Five only.

Having carefully reviewed the record, the Court finds that Petitioner's motion for reconsideration should be denied. The motion offers no grounds upon which to reverse the Court's earlier findings. It simply recycles his earlier arguments, failing to articulate any impact brought about by the incorrectly filed plea agreement. The Court has thrice rejected Petitioner's contention concerning the incorrectly filed plea agreement. Givens plead guilty to Counts Two through Five only. He was sentenced based only on those Counts and his statutory minimum on those Counts was 120 months. He received a sentence of 121 months. The fact that the United States Attorney filed an incorrect version of the plea agreement does not affect Givens' Judgment & Commitment or the fairness of his sentence. Any further motions raising the same issue will be denied without explanation.

Accordingly, Petitioner's Motion for Reconsideration [Doc. # 121] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 26, 2009
Jefferson City, Missouri